IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REBECCA ROEPER AND KIRSTEN MONROE-PITRIZZI, JOINTLY AND ON BEHALF OF THE ESTATE OF SUZANNE WICKERSHAM, AND GARY S. MONROE, <br><br> Plaintiffs, <br><br> v. <br><br> PROMEDICA SKILLED NURSING AND REHABILITATION (PIKE CREEK), d/b/a MANORCARE HEALTH SERVICES-PIKE CREEK, f/k/a MANORCARE HEALTH SERVICES-PIKE CREEK, and MANORCARE HEALTH SERVICES, INC. <br><br> Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Defendant, Manor Care-Pike Creek of Wilmington DE, LLC (incorrectly identified as "ProMedica Skilled Nursing and Rehabilitation (Pike Creek), d/b/a ManorCare Health Services-Pike Creek, f/k/a ManorCare Health Services-Pike Creek"), hereby removes the above-captioned action currently pending in the Superior Court of the State of Delaware, at Case No. N22C-05-053, to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. For the reason set forth below, Plaintiffs are citizens of a different State than each properly named Defendant, and the amount in controversy exceeds $75,000. As such, this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441(a) & (b). In support of this Notice of Removal, Defendant respectfully states the following:

I.        **PROCEDURAL & JURISDICTIONAL REQUIREMENTS**

1. On or about May 9, 2022, Plaintiffs, Rebecca Roeper, Kirsten Monroe-Pitrizzi, and Gary S. Monroe (collectively, "Plaintiffs"), commenced this action by filing a Complaint in the Superior Court of the State of Delaware, at Case No. N22C-05-053, naming Defendants identified as ProMedica Skilled Nursing and Rehabilitation (Pike Creek), d/b/a ManorCare Health Services-Pike Creek, f/k/a ManorCare Health Services-Pike Creek; and ManorCare Health Services, Inc. A true and correct copy of Plaintiffs' Complaint is attached as **Exhibit A**.

2. Paragraphs 5 and 6 of the Complaint also refer to ProMedica Health System, Inc. as a defendant. However, the caption does not identify ProMedica Health System, Inc. as a party, and that entity has not been served. *See* Del. R. Civ. P. 10(a) (requiring title of action to include names of all parties).

3. This Court has diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. § 1332. As discussed more fully below, each Plaintiff is a citizen of a different State than each proper Defendant, and the amount in controversy is greater than $75,000.

4. Furthermore, no proper Defendant is a citizen of the State of Delaware, for purposes of the forum defendant rule under 28 U.S.C. § 1441(b)(2).

5. All Defendants consent to removal of this action,[1] although consent is not required under 28 U.S.C. § 1446(b)(2)(a) because ManorCare Health Services, Inc. no longer exists; and because neither ProMedica Health System, Inc., nor ManorCare Health Services, Inc., have been served. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 n.27 (3d Cir. 2013); *Avenatti v. Fox News Network, LLC*, No. 20-cv-01541-SB, 2021 WL 2143037, at *1 (D. Del. May 26, 2021) (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)).

---

[1] The undersigned counsel represents ProMedica Health System, Inc., and the interests of the defendant named as ManorCare Health Services, Inc.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is being filed within thirty days after Manor Care-Pike Creek of Wilmington DE, LLC was served with copies of the Complaint and Summons.[2]

7. Venue is proper in the United States District Court for the District of Delaware under 28 U.S.C. § 1441(a) because the State Court, where the case has been pending, is located within this District.

8. A copy of this Notice of Removal is being filed contemporaneously with the Superior Court of the State of Delaware to be served upon all parties in accordance with 42 U.S.C. § 1446(d).

9. In accordance with Del. L.R. Civ. P. 81.1, the caption is identical, insofar as the parties are concerned, as in the State Court action.

10. Copies of all required pleadings, process, and orders are appended hereto in accordance with 28 U.S.C. § 1446(a).

## II. REMOVAL IS PROPER UNDER 28 U.S.C. § 1441 BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION

11. 28 U.S.C. § 1332 provides that this Court shall have original jurisdiction over all civil actions between citizens of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Diversity jurisdiction requires "'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants,'" and that diversity "must have existed at the time the complaint was filed, and at the time of removal." *Johnson*, 724 F.3d at 346.

---

[2] On May 20, 2022, a copy of the Complaint and Summons was served to the registered agent for Manor Care-Pike Creek of Wilmington DE, LLC.

12. As discussed below, Manor Care-Pike Creek of Wilmington DE, LLC and ProMedica Health System, Inc. are the only entities relevant to diversity of citizenship analysis. Both are citizens of Ohio, while Plaintiffs are citizens of Delaware, and the amount in controversy exceeds $75,000.

### A. Complete Diversity of Citizenship Exists.

#### 1. All Plaintiffs are citizens of Delaware.

13. Plaintiff, Rebecca Roeper, is a citizen of the State of Delaware, and resides in New Castle County, Delaware.

14. Plaintiff, Kirsten Monroe-Pitrizzi, is a citizen of the State of Delaware, and resides in New Castle County, Delaware.

15. Plaintiff, Gary S. Monroe, is a citizen of the State of Delaware, and resides in New Castle County, Delaware.

16. Additionally, the Decedent, Suzanne Wickersham, was a citizen of the State of Delaware, and resided in New Castle County, Delaware.

17. As such, Plaintiffs, Rebecca Roeper and Kirsten Monroe-Pitrizzi, are also citizens of the State of Delaware in their representative capacity as "Personal Representatives of the Estate of Suzanne Wickersham." Compl. ¶ 1; *see* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]").

#### 2. All Defendants are citizens of Ohio.

##### a. *ManorCare Health Services, Inc. is a non-existent entity that must be disregarded.*

18. The Complaint alleges that the Defendant identified as "ManorCare Health Services, Inc." is a Delaware corporation. *See* Compl. ¶ 8. However, this entity no longer exists,

4

and did not exist at any point relevant to this lawsuit. As such, its presence must be disregarded for purposes of diversity of citizenship analysis.

19. An entity named ManorCare Health Services, Inc. previously existed as a Delaware corporation organized under the laws of Delaware, with a principal place of business in Ohio, until December 20, 2007, when it was merged out of existence. As of the date of the merger, December 20, 2007, ManorCare Health Services, Inc. ceased to exist. *See* **Exhibit B**, State of Delaware Status and Filing History.

20. Under Delaware law, when a Delaware corporation is merged out of existence, the non-surviving entity is no longer amenable to service and lacks the capacity to be sued. *See Best Med. Int'l v. Elekta AB*, C.A. No. 18-1600 (MN), 2019 WL 3304686, at *3 (D. Del. July 23, 2019); 8 Del.C. § 252(d).

21. Because ManorCare Health Services, Inc. no longer exists, and did not exist at any time relevant to the Complaint, it is not a proper party to this lawsuit and its prior state of incorporation is irrelevant. *See Johnson,* 724 F.3d at 359 (disregarding citizenship of dissolved Pennsylvania corporation that converted to Delaware limited liability company); *Davis v. Beacon Ins. Grp.*, 721 F. Supp. 329, 337 (D.N.J. 2010) ("[N]or is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship."); *Best Med. Int'l*, 2019 WL 3304686, at *3 (holding Delaware corporation that ceased to exist after statutory merger was not properly named defendant).

### b.   *ProMedica Health System, Inc. is a citizen of Ohio.*

22. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the States in which it is incorporated and where it has its principal place of business, which is defined as its

"nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) ("A corporation's 'nerve center,' usually its main headquarters, is a single place.").

23. ProMedica Health System, Inc. is an Ohio non-profit corporation with its headquarters and principal place of business in Toledo, Ohio.

24. Therefore, ProMedica Health System, Inc., is a citizen of the State of Ohio.

> c. ***Manor Care-Pike Creek of Wilmington DE, LLC is the legal entity identified as "ProMedica Skilled Nursing and Rehabilitation (Pike Creek), f/k/a ManorCare Health Services-Pike Creek, d/b/a ManorCare Health Services-Pike Creek."***

25. The Complaint incorrectly identifies Manor Care-Pike Creek of Wilmington DE, LLC as "ProMedica Skilled Nursing and Rehabilitation (Pike Creek), f/k/a ManorCare Health Services-Pike Creek, d/b/a ManorCare Health Services-Pike Creek," and incorrectly alleges that it is a Delaware corporation. *See* Compl. ¶¶ 3-4.

26. There is not, and has never been, a legal entity named "ProMedica Skilled Nursing and Rehabilitation (Pike Creek)" or "ManorCare Health Services-Pike Creek."

27. Rather, "ProMedica Skilled Nursing and Rehabilitation (Pike Creek)" and "ManorCare Health Services-Pike Creek" are both fictitious trade names that have been used by Manor Care-Pike Creek of Wilmington DE, LLC, and are registered as such with the County of New Castle Delaware in accordance 6 Del.C. § 3101. *See* **Exhibit C**, "ProMedica Skilled Nursing and Rehabilitation (Pike Creek)," Registration of Trade, Business & Fictitious Name Certificate (File No. 614779); **Exhibit D**, "ManorCare Health Services-Pike Creek," Registration of Trade, Business & Fictitious Name Certificate (File No. 43458).

28. A trade name is not a separate legal entity that is capable of being sued and is not a properly named party under Delaware or Federal law. *See Smith v. Buckley*, 171 A.3d 1118, 1125 (Del. Super. Ct. 2016) ("[I]t is well-settled that . . . fictitious name practice is not permitted in the

State of Delaware."); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."); *see also Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 (4th Cir. 2002) (because "CheckPoint is merely a trade name for Elite . . . [CheckPoint] is not a separate legal entity capable of being sued").

29. Furthermore, pursuant to 28 U.S.C. § 1441(a), the incorrectly alleged citizenship of these trade names is otherwise irrelevant for purposes of complete diversity of citizenship. 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

30. Here, the proper legal entity and the real party in interest is Manor Care-Pike Creek of Wilmington DE, LLC.

31. Manor Care-Pike Creek of Wilmington DE, LLC is, and at all relevant times was, the licensed operator of the skilled nursing facility described in Plaintiffs' Complaint located at 5651 Limestone Road, Wilmington, DE 19808. *See* Compl. ¶¶ 3-4, 9, 23-37.

32. During the time periods at issue in the Complaint – April 10, 2020 to May 11, 2020 – Manor Care-Pike Creek of Wilmington DE, LLC used the trade name "ManorCare Health Services-Pike Creek" as the name of the skilled nursing facility that it operated at 5651 Limestone Road, Wilmington, DE 19808.

33. Since approximately June 2021, Manor Care-Pike Creek of Wilmington DE, LLC has used the trade name "ProMedica Skilled Nursing and Rehabilitation (Pike Creek)" as the name of the same skilled nursing facility.

34. As such, Manor Care-Pike Creek of Wilmington DE, LLC is the proper party to be considered for purposes of diversity of citizenship and may properly remove this matter to federal court. *See Davis*, 721 F. Supp. 2d at 333 (holding legal entity that issued insurance policy was

proper party, rather than trade name that was identified as defendant); *Schwartz v. CNA Ins. Co.*, No. 1:04CV1749, 2005 WL 3088570, at *4 (N.D. Oh. Nov. 17, 2005) (denying motion to remand because named defendants were trade names, while real parties in interest were legal entities that established diversity of citizenship); *Susman v. The Goodyear Tire & Rubber Co.*, Civ. A. No. 17-3521, 2018 WL 1243744, at *1-3, 8-9 (E.D. Pa. Mar. 9, 2018) (disregarding allegations that "Goodyear Tire and Rubber Company" was a Pennsylvania corporation where such entity did not exist, and proper entity named "The Goodyear Tire and Rubber Company" was incorporated in Ohio).

### d.   *Manor Care-Pike Creek of Wilmington DE, LLC is a citizen of Ohio.*

35.   Manor Care-Pike Creek of Wilmington DE, LLC is a limited liability company that was formed in Delaware, although that fact is not relevant to the determination of its citizenship for diversity purposes.

36.   "[T]he citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co. Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Thus, an LLC's "state of organization and principal place of business . . . are legally irrelevant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990)); *Johnson*, 724 F.3d at 348).

37.   "[A]s with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.'" *Lincoln Ben. Life Co.*, 800 F.3d at 105 n.16 (quoting *Zambelli*, 592 F.3d at 420); *see also Alaska Fin. Co. III, LLC v. Global Mortgage Grp., LLC*, No. 1:17-CV-01723, 2018 WL 574940, at *2 (D. Del. Jan. 26, 2018).

38. The sole member of Manor Care-Pike Creek of Wilmington DE, LLC is HCR III Healthcare, LLC.

39. HCR III Healthcare, LLC is a Delaware limited liability company. Its sole member is HCR II Healthcare, LLC.

40. HCR II Healthcare, LLC is a Delaware limited liability company. Its sole member is HCR Healthcare, LLC.

41. HCR Healthcare, LLC is a Delaware limited liability company. Its sole member is HCR ManorCare, Inc.

42. HCR ManorCare, Inc. is an Ohio non-profit corporation with its headquarters and principal place of business in Toledo, Ohio. Therefore, it is a citizen of Ohio.

43. Consequently, Manor Care-Pike Creek of Wilmington DE, LLC is a citizen of Ohio for diversity of citizenship purposes.

**B.    The Amount In Controversy Exceeds $75,000.**

44. Plaintiffs' Complaint pleads damages generally, without specifying the amount, in accordance with the Delaware Rules of Civil Procedure. *See* Del. R. Civ. P. 9(g).

45. Where, as here, the Complaint does not expressly limit the amount in controversy to an amount lower than the jurisdictional requirement, the case may only be remanded if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff *cannot recover*" the jurisdictional amount. *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007) (emphasis added); *see also Smith v. Molnar*, C.A. No. 07-464-JJF, 2008 WL 2663435, at *2 (D. Del. July 2, 2008) (holding personal injury action satisfied amount in controversy despite state court complaint indicating damages would not exceed arbitration limit of $100,000).

46. A review of Plaintiffs' Complaint demonstrates the amount in controversy exceeds this Court's jurisdictional requirement of $75,000.

47. This is a medical professional liability action. *See* Compl.

48. Plaintiffs claim that the Decedent developed sepsis and died as a result of Defendants' alleged negligence during her residency at the skilled nursing facility operated by Manor Care – Pike Creek of Wilmington DE, LLC. *See id.* ¶¶ 23-37, 41.

49. Plaintiffs seek damages for injuries sustained during the Decedent's lifetime, including "loss of chance of survival, pain, suffering, permanent injuries, emotional pain and suffering, medical bills and other associated damages, . . . and death." *Id.* ¶ 41.

50. Plaintiffs also assert a claim for wrongful death, seeking damages in their own right for "mental anguish resulting from the death of Suzanne Wickersham," and funeral expenses. *See id.* ¶¶ 60-61.

51. Although Defendant denies any liability to Plaintiffs, the allegations and damages sought demonstrate an amount in controversy above this Court's jurisdictional threshold.

**C.   All Requirements For Removal Are Satisfied.**

52. Because there is complete diversity in that Plaintiffs are citizens of different States than all Defendants, and the amount in controversy exceeds $75,000, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and the action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

**WHEREFORE**, Defendant respectfully requests this action be duly removed to this Court, and that it proceed herein.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
Buchanan Ingersoll & Rooney P.C.
500 Delaware Ave., Suite 720
Wilmington, DE 19801
Telephone: (302) 552-4207
Facsimile: (302) 552-4295
Email: geoffrey.grivner@bipc.com
         kody.sparks@bipc.com

DATED: June 17, 2022
Wilmington, Delaware