IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REBECCA ROEPER AND KIRSTEN MONROE-PITRIZZI, JOINTLY AND ON BEHALF OF THE ESTATE OF SUZANNE WICKERSHAM, AND GARY S. MONROE,<br><br>Plaintiffs,<br><br>v.<br><br>PROMEDICA SKILLED NURSKING AND REHABILITATION (PIKE CREEK), d/b/a MANORCARE HEALTH SERVICES-PIKE CREEK, f/k/a MANORCARE HEALTH SERVICES-PIKE CREEK, and MANORCARE HEALTH SERVICES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:22-cv-00799-RGA |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Manor Care-Pike Creek of Wilmington DE, LLC (incorrectly identified as "ProMedica Skilled Nursing and Rehabilitation (Pike Creek), d/b/a ManorCare Health Services-Pike Creek, f/k/a ManorCare Health Services-Pike Creek") (hereinafter "Answering Defendant" or "Manor Care-Pike Creek"), by and through its counsel, Buchanan Ingersoll & Rooney P.C., hereby answers Plaintiffs' Complaint, and asserts its Affirmative Defenses, as follows:

1.  The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. Further, Manor Care-Pike Creek is without knowledge to admit or deny the allegations in the corresponding paragraph.

2.  The allegations in the corresponding paragraph constitute conclusions of law to which no response is required. Further, Manor Care-Pike Creek is without knowledge to admit or deny the allegations in the corresponding paragraph.

3.      Denied as stated. "ProMedica Skilled Nursing and Rehabilitation (Pike Creek)" and "ManorCare Health Services-Pike Creek" are not legal entities, but rather, fictitious trade names that have been used by Manor Care-Pike Creek.[1] It is admitted only that Manor Care-Pike Creek is, and at all relevant times was, the licensed operator of the skilled nursing and rehabilitation facility located at 5651 Limestone Road, Wilmington, DE 19808. In all other respects, the allegations in this Paragraph are denied.

4.      Denied as stated. It is admitted only that Manor Care-Pike Creek is, and at all relevant times was, the licensed operator of the skilled nursing and rehabilitation facility located at 5651 Limestone Road, Wilmington, DE 19808. By way of further answer, the allegations in this paragraph constitute conclusions of law to which no response is required. To the extent this paragraph contains additional allegations, they are denied.

5 – 8.  Denied. The allegations contained in paragraphs 5 through 8 of the Complaint are directed to Defendants and/or entities other than Answering Defendant and, accordingly, no response is required of Answering Defendant. To the extent a response is required of Answering Defendant, the allegations contained in these paragraphs constitute conclusions of law and are denied.

9.      The corresponding paragraph contains no factual allegations, and no response is required. By way of further response, to the extent that allegations in subsequent paragraphs of the Complaint are directed "collectively" to "Defendants," Manor Care-Pike Creek responds only on its own behalf, and not on behalf of any other defendant and/or entity.

10.     Denied as stated.

---

[1] Accordingly, the allegations directed to "ProMedica Skilled Nursing and Rehabilitation (Pike Creek), f/k/a ManorCare Health Services-Pike Creek, d/b/a ManorCare Health Services-Pike Creek" are construed as directed to Manor Care-Pike Creek.

11. Denied as stated, including subparagraphs a through f.

12. Denied as stated.

13. Denied.

14. Denied as stated.

15. Denied.

16. Denied.

17. Denied.

## FACTUAL SUMMARY

18. Answering Defendant incorporates by reference all responses contained in the preceding paragraphs of this Answer.

19. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

20. Denied. The allegations in the corresponding paragraph state conclusion of law to which no response is required. Further, Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

21. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

22. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

23. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

24. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

25. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

26. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

27. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

28. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

34. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

35. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

36. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

37. Denied.

## COUNT I: SURVIVAL CLAIM

38. Answering Defendant incorporates by reference all responses contained in the preceding paragraphs of this Answer.

39. The allegations in the corresponding paragraph state conclusion of law to which no response is required. Insofar as a response is required, denied.

40. Denied, including sub-paragraphs a to aa.

41. Denied.

42. Denied.

## COUNT II: BREACH OF FIDUCIARY DUTY

43. Answering Defendant incorporates by reference all responses contained in the preceding paragraphs of this Answer.

44. Denied as stated.

45. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

46. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

47. Answering Defendant is without knowledge to admit or deny the allegations in the corresponding paragraph. Insofar as a response is required, Answering Defendant leaves Plaintiffs to their proofs.

48. Denied as stated.

49. Denied.

50. Denied.

**COUNT III: NEGLIGENCE PER SE OF DEFENDANTS BASED ON STATE LAW**

51. Answering Defendant incorporates by reference all responses contained in the preceding paragraphs of this Answer.

52. The allegations in the corresponding paragraph state conclusion of law to which no response is required. Insofar as a response is required, denied as stated.

53. The allegations in the corresponding paragraph state conclusion of law to which no response is required. Insofar as a response is required, denied, including sub-paragraphs a to d.

54. The allegations in the corresponding paragraph state conclusion of law to which no response is required. Insofar as a response is required, denied as stated.

55. The allegations in the corresponding paragraph state conclusion of law to which no response is required. Insofar as a response is required, denied as stated.

56. Denied.

57. Denied.

58. Denied.

## COUNT IV: WRONGFUL DEATH

59. Answering Defendant incorporates by reference all responses contained in the preceding paragraphs of this Answer.

60. The allegations in the corresponding paragraph state conclusion of law to which no response is required. Insofar as a response is required, denied.

61. Denied, including sub-paragraphs a to b.

WHEREFORE, Answering Defendant prays that judgment be entered in its favor and Plaintiffs' Complaint be dismissed, together with reasonable counsel fees and costs of suit.

## GENERAL DENIAL

Answering Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## JURY TRIAL

Answering Defendant hereby demands a trial by jury on all issues contained herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Answering Defendant is free of any and all negligence and/or liability producing conduct.

3. Damages, if any, were the result of the sole negligence of Plaintiff.

4. Damages, if any, which may have been sustained by Plaintiff, and for which Answering Defendant may become liable, were the result of the intervening and/or superseding acts, negligence and/or fault of other third parties over whom Answering Defendant exercised no control or right of control and for whose actions Answering Defendant is not liable.

5. Answering Defendant did not breach any legal duty to Plaintiff.

6. Plaintiffs' claims are barred or at the very least damages claimed must be reduced by virtue of the doctrine of comparative negligence under applicable Delaware law.

7. Plaintiffs' claims are barred by the applicable statute of limitations and/or repose which may apply.

8. The discovery rule does not apply and Plaintiffs are barred from maintaining the within suit.

9. Any damages or injuries that may have been suffered by Plaintiff were not proximately caused by the alleged acts or omissions of Answering Defendant.

10. At all times relevant to the within litigation, Answering Defendant complied with all applicable laws, regulations, specifications, and standards.

11. Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

12. In the event that Answering Defendant is found liable to Plaintiffs, a liability that Answering Defendant denies, any recovery against Answering Defendant is reduced or barred by Plaintiff's own conduct or by the conduct of other parties.

13. To the extent that any cause of action set forth in the Complaint for which payment was received from collateral sources, such damages are barred.

14. Insofar as, and to the extent that, any injuries, losses and damages to Plaintiff were the result, in whole or in part, of an ordinary disease of life, idiosyncratic reaction or some other

circumstance, event or exposure, responsibility for damages to the extent thereof must be apportioned and allocated, in whole or in part to such cause(s).

15. Answering Defendant cannot be liable for any prejudgment interest on any claimed damages not yet incurred by Plaintiffs.

16. Plaintiffs' claims may be subject to binding arbitration pursuant to an executed and enforceable agreement to arbitrate. Answering Defendant reserves the right to enforce the relevant agreement as appropriate.

17. The Complaint is barred by the doctrine of waiver.

18. The Complaint is barred by the doctrine of estoppel.

19. Plaintiffs' claims are preempted by the Public Readiness and Emergency Preparedness Act.

20. Defendants are immune from liability and suit under the Public Readiness and Emergency Preparedness Act.

21. Plaintiffs failed to exhaust administrative remedies and/or procedural prerequisites under the Public Readiness and Emergency Preparedness Act.

22. Plaintiffs' claims related to willful misconduct, if any, must be brought in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 247d-6d(e)(1)(5).

## RESERVATION OF DEFENSES AND OBJECTIONS

Answering Defendant hereby reserves the right to amend or assert additional defenses and/or objections which may become known or revealed during the course of discovery or investigation.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Geoffrey G. Grivner*

Geoffrey G. Grivner (#4711)
Kody M. Sparks (#6464)
Buchanan Ingersoll & Rooney P.C.
500 Delaware Ave., Suite 720
Wilmington, DE 19801
Telephone: (302) 552-4207
Facsimile: (302) 552-4295
Email: geoffrey.grivner@bipc.com
          kody.sparks@bipc.com

DATED: June 24, 2022
Wilmington, Delaware